[No. 10462.  Department Two.  November 20, 1912.]

TURLOCK FRUIT-JUICE COMPANY, *Respondent*, v. PACIFIC & PUGET SOUND BOTTLING COMPANY, *Appellant*.[1]

SALES — WARRANTY — CONSTRUCTION — WORDS USED IN TECHNICAL SENSE—EVIDENCE—ADMISSIBILITY. Upon a sale of bottled grape juice to one experienced in the bottling business, under a guaranty to protect against any fermentation, evidence is admissible that such a guaranty was generally construed in the trade as a warranty that the juice would not ferment while in the sealed bottles nor for a reasonable time thereafter; both parties knowing that the juice would ferment within a short time after the bottles were opened.

Appeal from a judgment of the superior court for King county, Yakey, J., entered November 10, 1911, upon find-

[1]Reported in 127 Pac. 842.

ings in favor of the plaintiff, in an action for goods sold and delivered. Affirmed.

*James Kiefer*, for appellant.

*E. H. Guie*, for respondent.

ELLIS, J.—This is an action for the purchase price of certain unfermented grape juice, a car load of which, manufactured by the plaintiff Turlock Fruit-Juice Company, in 1908, was in March, 1909, shipped to the defendant Pacific & Puget Sound Bottling Company, on consignment. The defendant, after retaining possession of the grape juice for about sixteen months, purchased it under the following admitted contract:

"This is to certify that we, the undersigned, have agreed to take over from the Turlock Fruit-Juice Company, stock on hand which is approximately 177 cases of quarts, 247 cases of pints, and 56 cases of splits Grape Juice at $1.25, $1.50 and $1.50 respectively, the same to be paid for as follows: October 1st, one-third, November 1st, one-third, and December 1st the balance.

"The Turlock Fruit-Juice Company agrees to protect us against any fermentation in connection with above mentioned goods.

"Dated July 22, 1910.
                    "(Signed)   P. & P. S. Bottling Co.
                    "By H. M. Sorley, Sec. & Treas.
                         Turlock Fruit-Juice Co.
                    "J. D. Mushon, Gen. Mgr."

In the answer, it was alleged that the grape juice was worthless for commercial purposes by reason of fermentation. At the trial, by leave of court, the answer was amended by adding a paragraph:

"That at the time of making the contract it was known to the representative of the plaintiff that the defendant proposed to use the grape juice for the purpose of making grape soda."

Both defenses were denied by the plaintiff. The cause was

tried to the court without a jury. From a judgment in favor of the plaintiff for the full contract price, the defendant appealed.

The grape juice was in bottles. It was labeled and represented as pure, unfermented grape juice. There was no evidence that more than two bottles out of the entire stock fermented before the bottles were opened; nor was there any competent evidence that the grape juice became sour after the bottles were opened, until several days had elapsed, if kept in a cool place.. The evidence showed that this will happen to all unfermented and unconcentrated grape juices. Both parties knew that this juice was unconcentrated. The evidence, however, did show that, when used in flavoring bottled soda water, the soda water would sour in a short time, but just how soon did not appear. While there was some mention of using the grape juice as a flavor for soda water at the time of the sale, the evidence wholly failed to show that the respondent knew that the appellant expected to use it in making bottled soda water, or represented that when so used it would never ferment. There was no sufficient evidence of any facts from which an implied warranty to that effect could arise.

The respondent was permitted to prove, by witnesses familiar with the business of manufacturing and dealing in bottled unfermented fruit juices, that a guaranty such as that found in the contract here in question would generally be construed in the trade as a warranty that the juice would not ferment while in the sealed bottles, nor for a reasonable time after the bottles were opened. The admissibility of this evidence presents the only debatable question in the case. A guaranty, like any other element of a contract, must be construed reasonably and in reference to the known nature of the subject-matter. Men will not be presumed to have exacted on the one hand, nor to have given on the other, a guaranty of the impossible. It is matter not only in evi-

dence in this case, but of common knowledge, that pure, un-fermented and uncondensed fruit juices will, in their very nature, ferment after the bottles are opened, within a short time or a few days according to the temperature to which they are exposed. This grape juice when bought by the ap-pellant had, to its knowledge, been bottled for about two years. The appellant was experienced in the bottling busi-ness. It knew all of these things as well as did the respond-ent. Both parties must be presumed to have contracted with reference to these known conditions. The fact that the words used in the guaranty are not in themselves technical terms, does not prevent them from being used in a technical sense, as determined by the nature of the business and usages of trade. This is especially true when, as here, a literal meaning would be unreasonable. Evidence as to the usual meaning of such a guaranty with reference to the subject-matter is always admissible as determining the real intention of the parties.

"Persons familiar with any art, calling, trade, etc., may state whether a word or phrase used in it has acquired a tech-nical meaning, and if so what it is in any place where the sig-nificance is relevant. The terms need not be technical, scien-tific, or ambiguous in themselves." 17 Cyc. 80, 81.

"Where any doubt arises as to the true sense and meaning of the words themselves, or any difficulty as to their appli-cation under the surrounding circumstances, the sense and meaning of the language may be investigated and ascer-tained by evidence *dehors* the instrument, for both reason and common sense agree that by no other means can the lan-guage of the instrument be made to speak the real mind of the party. In this case parol evidence is admissible *ex nec-essitate.*" 17 Cyc. 682.

The evidence was plainly admissible as showing that the parties only intended a guaranty that the juice would not ferment in the bottles nor for a reasonable time after the bottles were opened. There was no competent evidence that

the grape juice here involved failed to meet the guaranty so construed.

The judgment is affirmed.

MOUNT, C. J., MORRIS, FULLERTON, and CHADWICK, JJ., concur.